IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

EDWARD COOKS                          *

     Plaintiff,                    *

     v.                            *          2:07-CV-1057-MEF
                                                        (WO)
CITY OF MONTGOMERY, *et al.*,         *

     Defendants.                   *

_____


**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Montgomery City Jail located in Montgomery, Alabama, files this 42 U.S.C. § 1983 action complaining that he is being denied adequate medical care and being subjected to unconstitutional conditions of confinement. Named as defendants are Warden Collins, Mayor Bobby Bright, and the City of Montgomery. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against Mayor Bright and the City of Montgomery prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

*A.  City of Montgomery*

Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the City of Montgomery liable. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479 (1986). "It is only when the 'execution of the government" policy or custom ... inflects the injury' that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A city does not incur § 1983 liability for injuries caused solely by its employees. *Monell,* 436 U.S. at 694. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation. *Bd. of County Com'rs  v. Brown,* 520 U.S. 397, 403 (1997).

Here, Plaintiff's complaint fails to articulate a theory under *Monell* under which the City of Montgomery may be held liable.  Consequently, there's no legal basis on which Plaintiff's claims against this Defendant may proceed and it is, therefore due to be dismissed. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*B Mayor Bright*

Plaintiff names Mayor Bright as a defendant. No specific allegations, however, are made against this individual. Consequently, there is no basis on which the complaint may

proceed against him. Further, the complaint may not proceed against Defendant Bright based on his supervisory position.  Claims against local governments, government officials, or supervisors brought pursuant to § 1983 cannot be based upon theories of *respondeat superior* or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell.*, 436 U.S. at 691; *Brown v. Crawford*, 906 F.2d 667, 671 (11ᵗʰ Cir. 1990). Plaintiff must demonstrate either that Defendant Bright directly participated in the alleged constitutional deprivations or that there is some other causal connection between this Defendant's acts or omissions and the alleged constitutional deprivations. *Brown*, 906 F.2d at 671; *Lewis v. Smith*, 855 F.2d 736, 738 (11ᵗʰ Cir. 1988) *(per curiam)*. Such a causal connection may be established by showing that the official or supervisor implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11ᵗʰ Cir. 1986). An official or supervisor may also be subject to § 1983 liability when a history of widespread abuse puts him on notice of the need to take corrective action and he fails to do so. *Brown*, 906 F.2d at 671; *Williams v. Cash*, 836 F.2d 1318, 1320 (11ᵗʰ Cir. 1988).

Plaintiff fails to allege facts indicating that Defendant Bright was directly involved in his alleged constitutional deprivations, nor does he allege that there was a custom, policy, or history of widespread abuse that would subject this defendant to liability under § 1983. Plaintiff, therefore, has failed to state a claim against Defendant Bright, and he is due to be dismissed as a party to the complaint.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against Defendants Bright and the City of Montgomery be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  Defendants Bright and the City of Montgomery be DISMISSED as parties to this complaint; and

3.  This case  with respect to the remaining defendant be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 18, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

4

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 6th day of December 2007.

 /s/ Terry F. Moorer                        
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE